# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DOYLE WARKENTIN,

        Plaintiff,

v.

COUNTRYWIDE HOME LOANS; RECON TRUST COMPANY, N.A.; GOLDMAN SACHS & COMPANY; AND DOES 1-20;

        Defendants.

CASE NO. 1:11-cv-01752-LJO-SMS

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS

(Doc. 1)

SCREENING MEMORANDUM

Plaintiff Doyle Warkentin, proceeding *pro se* and *in forma pauperis*, files a complaint against Defendants alleging improprieties in the servicing and foreclosure of his property in Merced County, California. This matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.**    <u>**Screening**</u>

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the action states a claim upon

///

which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

## II.     Pleading Standards

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## III.    Sufficiency of Plaintiff's Complaint

### A.     Intelligibility

The complaint fails at this most basic level.  Plaintiff's jumbling of facts with opinion and legal argument result in nearly unintelligible claims.  The appendices, which have been filed with

their pages out of order, suggest that Plaintiff's claims may already have been addressed, in whole or in part, in California state court.

If Plaintiff elects to amend his complaint, as this order permits him to do, he must begin the complaint with allegations of fact setting forth the procedural and factual history of this case in chronological order. Each fact should be set forth individually in a separately numbered paragraph. Plaintiff should refrain from including legal argument or his personal opinions. Without a clear understanding of the facts of this case, this Court cannot begin to evaluate whether it has jurisdiction over any of Plaintiff's claims or whether Plaintiff alleges substantively plausible claims.

Once Plaintiff has fully set forth the factual and procedural background of the case, he may proceed to setting forth his individual claims, followed by additional facts relevant to each claim. A bare statement that a defendant has violated a particular statute is an impermissible legal conclusion. Instead, Plaintiff must set forth the facts from which the Court can evaluate his claims and form its own conclusion(s).

**B.      Jurisdiction**

The complaint and the exhibits to it suggest that Plaintiff may previously have raised his claims in state court, pursuing them unsuccessfully to the California Supreme Court. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). To challenge the order(s) or judgment(s) of the state court, Plaintiff must file an appeal with the appellate division of the state court. *Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16. Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court. 28 U.S.C. § 1257. This means that if a party to a lawsuit pursues its claims

///

1  through the California Supreme Court, its next step is a petition for *certiorari* to the United
2  States Supreme Court, not a new case in federal district court.
3        A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims
4  raised in the complaint are inextricably intertwined with the state court's decisions so that
5  adjudication of the federal claims would undercut the state ruling or require the district court to
6  interpret the application of state laws or procedural rules. *Bianchi*, 334 F.3d at 898.  Put another
7  way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds
8  only to the extent that the state court wrongly decided the issues before it or if the relief requested
9  in the federal action would effectively reverse the state court's decision or void its ruling.
10 *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).
11       In deciding whether to amend his complaint, Plaintiff must carefully consider whether his
12 claims are properly presented to the district court or must be taken to the Supreme Court.
13       **C.**     **Exhibits to Complaint**
14       The Court is not a repository for the parties' evidence.  Originals or copies of evidence
15 are properly submitted when the course of the litigation brings the evidence into question (as
16 upon a summary judgment motion, at trial, or upon the Court's request).  During the screening
17 process, which Plaintiff's complaint is now undergoing, Plaintiff is required only to state a prima
18 facie claim for relief.  Submission of evidence is premature.  Accordingly, a plaintiff is well
19 advised to state fully the facts supporting his claims against the defendants and to refrain from
20 attaching exhibits.
21       When screening a plaintiff's complaint, the Court must assume the truth of the factual
22 allegations.  Submitting exhibits to support the complaint's allegations is generally unnecessary.
23 When a plaintiff is compelled to submit exhibits with a complaint, such exhibits must be
24 attached to the complaint and incorporated by reference.  Fed. R. Civ. Proc. 10(c).  Plaintiff is
25 cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is
26 to evaluate the complaint's factual allegations, not to wade through exhibits.
27 ///
28 ///

### D. "John Doe" Defendants

Plaintiff also names twenty "John Doe" defendants, but never alleges who these John Does are or what they allegedly did. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Here, the "John Doe" defendants are simply listed in the caption without otherwise being specifically identified and linked to any specific act or omission relating to Plaintiff's claims. As a result, the Court has no clue why the John Does are being named as defendants. *Compare Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'")

### VII. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must identify Plaintiff's legal claims and state what each named Defendant did that

5

rendered it liable to Plaintiff under those claims. *See Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants he names to the claims alleged.

Plaintiff is advised that any amended complaint supercedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend for failure to state a claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:    October 26, 2011**               /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE