# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WARKENTIN, | CASE NO. 1:11-cv-01752-LJO-SMS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR LACK OF FEDERAL JURISDICTION |
| COUNTRYWIDE HOME LOANS; RECON TRUST COMPANY, N.A.; GOLDMAN SACHS & COMPANY | |
| Defendants. | (Doc. 5) |

Plaintiff Doyle Warkentin, proceeding *pro se* and *in forma pauperis*, has filed an amended complaint against Defendants alleging improprieties in the servicing and foreclosure of his property in Merced County, California.  This matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.  Because Plaintiff seeks to litigate matter inextricably entwined with prior state proceedings, the undersigned recommends that this case be dismissed for lack of jurisdiction.

I. **Procedural and Factual Background**

Plaintiff owns real property commonly identified as 7023 Tokay Circle, Winton, California, which he financed using mortgage financing from an unidentified lender.  At some point before May 1, 2005, the original lender advised Plaintiff that the loan was to be "transferred," probably to Countrywide Home Loans, on or about May 1, 2005.  Accordingly, on or about April 29, 2005, Plaintiff contacted Countrywide to determine the status of tax and

1  insurance reserves held but not yet paid by the original lender.  Countrywide's representative
2  advised Plaintiff that, because it did not have the note, deed of trust, or contract, it could not
3  answer Plaintiff's questions.  When Plaintiff expressed concern that he might make his mortgage
4  payment to the wrong party, causing it to be late, the representative told Plaintiff that
5  Countrywide would generate a loan number to be used when Plaintiff paid them.  The
6  representative reassured Plaintiff that "nothing could wrong for the first sixty days while they
7  located the necessary paperwork."
8      Countrywide generated a welcome letter dated May 4, 2005.   Thereafter, according to
9  Plaintiff, although a Countrywide representative contacted him almost every day, both at work
10 and at home, Countrywide was unable to provide proof that they possessed the documents
11 needed to support their collection of Plaintiff's mortgage payments.  The representatives
12 repeatedly told Plaintiff that no default could occur within the first sixty days following the
13 loan's transfer.
14     The complaint does not allege that Plaintiff made his mortgage payments to anyone once
15 he was advised that the loan had been transferred.
16     On or about June 14, 2005, Countrywide sent Plaintiff a "Notice of Default and
17 Acceleration of Payment."  Plaintiff replied in writing, disputing Countrywide's right to collect
18 and requesting verification to which he believed he was entitled under the Fair Debt Collection
19 Practices Act ("FDCPA").  On or about August 1, 2005, Countrywide acknowledged Plaintiff's
20 request, indicating that it would resolve the disputed issues within 20 days.  It never responded
21 further.  At some point thereafter, Countrywide offered Plaintiff an opportunity to sign a new
22 note, which he apparently declined.
23     On August 5, 2005, Recon Trust, allegedly a subsidiary of Countrywide, notified Plaintiff
24 by certified mail of his default and their election to sell the property.  Plaintiff retained an
25 attorney, who withdrew "after failing in his first attempt."  Plaintiff then filed the first amended
26 complaint and obtained other financing to halt the pending foreclosure sale.  He retained a
27 second attorney, who withdrew after filing three more amended complaints.  Thereafter, Plaintiff
28 has proceeded *pro se*.

1    Plaintiff appealed and prevailed in the California Appellate Division, thereafter filing a
2 fourth amended complaint.[1]  Following a defense motion, Plaintiff filed a fifth amended
3 complaint.

4    Thereafter, Merced County Superior Court Judge Brian McCabe sanctioned Plaintiff for
5 failure to fully comply with the Court's order and directed Plaintiff to again amend his complaint.
6 Proceeding *pro se*, Plaintiff again failed to comply with the Court's order, resulting in the Court's
7 striking all claims except one alleging a Real Estate Settlement Procedures Act ("RESPA")
8 violation.  McCabe also ordered Plaintiff to respond to requested discovery and be deposed.

9    When the defendants notified Plaintiff of his deposition, Plaintiff believed the notice was
10 improper and agreed to attend "with only a 48 hour proper notice or alternatively the questions
11 they intended to ask."  In response to the defendants' motions, McCabe ordered monetary
12 sanctions and dismissed the case.

13    Plaintiff appealed the order to the Appellate Division, which affirmed.  The State
14 Supreme Court denied review.  Plaintiff then unsuccessfully attempted to file a new action,
15 seeking remittitur of the monetary sanctions for his discovery violation(s).

16    On October 21, 2011, Plaintiff filed a complaint in this Court.  Following screening, the
17 Magistrate Judge dismissed the complaint for failure to state a claim, with leave to amend within
18 thirty days.  Plaintiff filed his amended complaint on November 7, 2011, claiming (1) violations
19 of RESPA and FDCPA; (2) infliction of emotional distress; and (3) failure to properly respond to
20 Plaintiff's qualified written request of June 14, 2005.

21 **II.    Abstention and Lack of Subject Matter Jurisdiction**

22    This complaint candidly alleges Plaintiff's prior attempts to litigate the same claims in
23 California state court.  Although the complaint is less than completely clear, the Merced County
24 Superior Court dismissed Plaintiff's claims for several reasons, finally dismissing the only
25 remaining claim for discovery violations.  Plaintiff unsuccessfully pursued his claims to the
26 California Supreme Court.  Having failed to obtain the relief he sought, Plaintiff attempted to

---

[1] Since Plaintiff alleges that five complaints had already been filed, the Court is uncertain whether Plaintiff has misnumbered the amended complaints or whether the complaint's allegations are otherwise inaccurate.

3

further litigate the case in state court. Having been rebuffed, he now turns to the federal district court to address the same claims pursued in state court. The district court lacks subject matter jurisdiction.

Appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court. 28 U.S.C. § 1257. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See also Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. *Bianchi*, 334 F.3d at 898. Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). The Rooker-Feldman Doctrine applies to federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's complaint seeks to relitigate matters that he has already litigated in state court. This Court lacks jurisdiction to conduct such a review. His complaint must be dismissed.

**VII.   Conclusion and Order**

Because Plaintiff's complaint seeks to relitigate matters already litigated in state court. this Court lacks subject matter jurisdiction and must abstain from considering Plaintiff's claims. Accordingly, the undersigned recommends that the complaint be dismissed with prejudice.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28

U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     November 30, 2011**                        /s/ Sandra M. Snyder
                                                                          UNITED STATES MAGISTRATE JUDGE